# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALPHONSO JORDAN,

Defendant-Appellant.

UNPUBLISHED
June 23, 2016

No. 326392
Wayne Circuit Court
LC No. 14-005404-FC

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant, Alphonso Jordan, was convicted by a jury of second-degree murder, MCL 750.317, and sentenced as a fourth-offense habitual offender, MCL 769.12, to 30 to 50 years in prison. He appeals as of right his February 24, 2015 judgment of sentence. We affirm.

On appeal, defendant's lone argument is that the prosecution presented insufficient evidence to support the jury's verdict. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In determining whether a rational trier of fact could find that the essential elements of a crime were proven beyond a reasonable doubt, we review the evidence presented in a light most favorable to the prosecution. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising therefrom may be used to prove the elements of a crime." *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012).

"The elements of second-degree murder are (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Portellos*, 298 Mich App 431, 443; 827 NW2d 725 (2012). On appeal, defendant does not argue that any of these elements were not proved beyond a reasonable doubt. Instead, he argues that the prosecution failed to prove his identity as the perpetrator beyond a reasonable doubt. We disagree. "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Thus, the prosecution must prove the identity of defendant as the perpetrator of the crime beyond a reasonable doubt. *Id*. "[T]his Court has stated that positive identification by witnesses may be sufficient to support a conviction of a

-1-

crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Id*.

In this case, Dawn Ferguson was murdered in the "Eastern Market area" in Detroit, Michigan. Ferguson's boyfriend, Charles Washington, identified defendant as the individual who was standing over Ferguson's lifeless body with a knife or knife-like object in his hand. While Washington did not actually watch defendant murder Ferguson, he was "very, very positive . . . without a doubt" that it was, indeed, defendant standing over the victim. Additionally, Washington described the man standing over Ferguson as wearing a brown leather jacket, Washington testified that it was the jacket that defendant "always wore," and defendant was subsequently arrested in his home with a jacket consistent with Washington's description that had Ferguson's blood on it. Finally, Ferguson died of multiple injuries caused by a sharp instrument, and a knife was found near Ferguson's body shortly after the murder. While defendant points to testimony that Washington was intoxicated and that it was dark out at the time of the murder, that testimony merely presented credibility issues for the jury, not this Court, to decide. Ultimately, viewing the evidence presented in a light most favorable to the prosecution, there was sufficient evidence to find defendant guilty of second-degree murder beyond a reasonable doubt.

Affirmed.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien